979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Orrin Scott REED, Plaintiff-Appellant,
v.
Douglas B. MORTON, et al., Defendants-Appellees.
 No. 92-1371.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Nov. 23, 1992.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. S86-00006, Robert L. Miller, Judge.
 
 
 1
 N.D.Ind.
 
 ORDER
 
 2
 Orrin Scott Reed filed this pro se civil rights suit pursuant to 42 U.S.C. § 1983 seeking a preliminary and permanent injunction compelling the Indiana Attorney General and prison administrators at Westville Correctional Center, in Westville, Indiana, to terminate a freeze on his inmate trust fund account. Two days after Mr. Reed filed his lawsuit, the district court sua sponte denied his request for preliminary and permanent injunctive relief on the grounds that he had shown no likelihood of success on the merits of his claim for protection from enforcement of a fee order. The district court's order denying preliminary and permanent injunctive did not formally dismiss Mr. Reed's action, but its effect was to definitively deny Mr. Reed the only remedy he sought. The order is therefore appealable under 28 U.S.C. § 1292(a)(1). See Parks v. Pavkovic, 753 F.2d 1397, 1403 (7th Cir.), cert. denied, 474 U.S. 918 (1985).
 
 II. BACKGROUND
 
 3
 Mr. Reed initiated the present action in an attempt to protect himself from the consequences of an ill-fated section 1983 action that he had pursued in 1986. In the 1986 lawsuit, Mr. Reed claimed that an Indiana state judge, the Honorable Douglas B. Morton, and the Fulton County Commissioners had violated his civil rights with respect to his trial and conviction on criminal charges. The district court judge entered an order dismissing Mr. Reed's 1986 lawsuit and awarded Judge Morton attorneys' fees and costs in the amount of $780.00. On December 24, 1986, this court affirmed the district court's judgment and award of fees to Judge Morton. Reed v. Morton, 808 F.2d 837 (7th Cir.1986). We also awarded attorneys' fees and double costs to appellees Judge Morton and Fulton County Commissioners for having to defend against Mr. Reed's frivolous appeal. Contrary to our order, however, Judge Morton neglected to submit a statement of his reasonable costs and attorneys' fees within fifteen days of our decision. We therefore denied the Indiana Attorney General's belated request to file a statement of costs and attorneys' fees on behalf of Judge Morton. The Fulton County Commissioners filed a timely statement and were awarded fees and double costs in the amount of $1,435.00.
 
 
 4
 The Indiana Attorney General, attorney for Judge Morton by statute in Mr. Reed's 1986 lawsuit and the present case, Ind.Code Ann. § 4-6-2-1 (West 1981), did not attempt to enforce the district court's judgment awarding $780.00 in costs and fees to Judge Morton until December 9, 1991, when the Office of the Attorney General sent a letter to an administrator at Westville Correctional Center with the court orders concerning the fee award. The letter requested the prison administration's assistance in satisfying the $780.00 judgment. The prison administration determined that it would assist the Attorney General by freezing Mr. Reed's prison account, with the exception of allowing Mr. Reed to withdraw $5.00 a month. Any amount in excess of the $5.00 monthly allotment was to be forwarded to the Attorney General until the judgment in favor of Judge Morton was satisfied or Mr. Reed was released from custody.
 
 
 5
 Mr. Reed responded to a notice from a prison administrator informing him of the withdrawals from his trust fund account by filing an "Emergency Petition for a Preliminary Injunction and a Permanent Injunction". In his request for injunctive relief, Mr. Reed objected to the freeze on his trust fund account and declared that the prison administrators' diversion of funds would deprive him of hygiene items, cigarettes, writing material, and snacks. The caption of Mr. Reed's pleading filed in the district court simply identified "Douglas B. Morton, et al.", as the defendants, but the pleading requested that the court enjoin the Attorney General, as attorney for Judge Morton, and "Westville Correctional Center".[1] While Mr. Reed invoked a wide array of bases for challenging any intrusion on his trust fund account, his principal argument was that this court's order denying Judge Morton's request to file his overdue statement of costs and attorneys' fees precluded the Attorney General from seeking to enforce the district court's order awarding Judge Morton $780.00 in costs and fees. The district court denied the request for injunctive relief, noting that this court affirmed the 1986 judgment and awarded $1,435.00 in fees to the Fulton County Commissioners.[2] The district court's order stated that "this court's docket sheet ... discloses that on January 28, 1987, the Court of Appeals awarded fees to the other defendant, the Fulton County Commissioners, in the sum of $1,435.00. Accordingly, the plaintiff has shown no likelihood of success on the merits...." The court's order, however, did not mention whether there was an enforceable judgment in favor of any of the defendants identified in this action.
 
 II. ANALYSIS
 
 6
 The district court determined that Mr. Reed was not entitled to injunctive relief on the sole basis that he had no chance of prevailing on the merits. In establishing his right to a preliminary injunction, Mr. Reed bore the burden of establishing:
 
 
 7
 (1) that [he] has no adequate remedy at law;
 
 
 8
 (2) that [he] will suffer irreparable harm if the preliminary injunction is not issued;
 
 
 9
 (3) that the irreparable harm [he] will suffer if the preliminary injunction is not granted is greater than the irreparable harm the defendant will suffer if the injunction is granted;
 
 
 10
 (4) that [he] has a reasonable likelihood of prevailing on the merits; and
 
 
 11
 (5) that the injunction will not harm the public interest.
 
 
 12
 Curtis v. Thompson, 840 F.2d 1291, 1296 (7th Cir.1988). This circuit uses a "sliding scale" approach when evaluating a preliminary injunction request: "the more the balance of irrevocable harms inclines in the plaintiff's favor, the smaller the likelihood of prevailing on the merits he need show in order to get the injunction." Kowalski v. Chicago Tribune Co., 854 F.2d 168, 170 (7th Cir.1988). A district court may properly deny a motion for a preliminary injunction on the sole basis that a plaintiff's complaint is insufficient as a matter of law. Curtis, 840 F.2d at 1297. To justify the entry of a permanent injunction, Mr. Reed had to prove that he had no adequate legal remedy. Crane v. Indiana High School Athletic Ass'n, No. 91-2227, slip op. at 22 (Sept. 23, 1992); Walgreen Co. v. Sara Creek Property Co., 966 F.2d 273, 274 (7th Cir.1992).
 
 
 13
 When reviewing the grant or denial of a preliminary injunction, we review the district court's factual determinations under a clearly erroneous standard and the necessary legal conclusions de novo. United States v. Kaun, 827 F.2d 1144, 1148 (7th Cir.1987); Lawson Prods. v. Avenet, Inc., 782 F.2d 1429, 1437 (7th Cir.1986). A material factual or legal error is sufficient to establish an abuse of discretion. Kaun, 827 F.2d at 1148; Lawson Prods., 782 F.2d at 1437.
 
 
 14
 In his petition for injunctive relief filed with the district court and in his appellate brief, Mr. Reed has exhibited a glaring misapprehension of this court's orders concerning his 1986 lawsuit, which only generated fee awards for Mr. Reed's adversaries. We affirmed the district court's dismissal of the case and the award of attorneys' fees and costs to Judge Morton in the amount of $780.00 in our order dated December 24, 1986. We also awarded attorneys' fees and costs to Judge Morton and the Fulton County Commissioners for the expense of defending a frivolous appeal. The Indiana Attorney General, on behalf of Judge Morton, neglected to submit a statement of fees and costs generated by the appeal within the time provided in our order. This oversight effectively barred Judge Morton from recovering the costs of the appeal, but it had no effect on the district court's judgment awarding $780.00, which is the judgment the Indiana Attorney General is attempting to enforce.
 
 
 15
 In its order denying Mr. Reed's request for injunctive relief, the district court correctly found that the Fulton County Commissioners had an enforceable judgment for $1,435.00. The collection effort that prompted Mr. Reed to resort to legal action, however, concerned the attempted enforcement of Judge Morton's $780.00 judgment. Thus, the district court clearly erred when it relied upon the judgment in favor of the Fulton County Commissioners as dispositive of Mr. Reed's petition for injunctive relief. The judgment in favor of the Commissioners was awarded by this court on January 28, 1987; the district court's judgment in favor of Judge Morton was entered on May 18, 1986, and we affirmed the district court on December 24, 1986.
 
 
 16
 The district court also did not consider whether the Attorney General and the prison administration may enforce the order in favor of Judge Morton in the manner they have chosen. The gravamen of Mr. Reed's confusing pleading filed in the district court is that the Indiana Attorney General and the prison administration deprived him of funds in his inmate trust fund account in violation of due process. The Indiana Attorney General has not alleged that its actions or those of the prison administration in the collection action in this case adhered with state law or prison regulations, and this issue was not addressed in the district court's order.[3] Mr. Reed has a property interest in his personal funds on deposit in the inmate trust fund. See Campbell v. Miller, 787 F.2d 217, 222 (7th Cir.), cert. denied, 479 U.S. 1019 (1986). For purposes of the due process clause, property interests must be found in state or federal law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Indiana law provides that the correctional institution in which the inmate is confined must hold an inmate's funds in trust for the inmate. Ind.Code Ann. § 4-24-6-2 (West 1981). Out of respect for the efficacy of prison disciplinary measures, we have noted that it is "too much to require correctional officials to seek a criminal restitution order or a civil tort judgment" before freezing an inmates trust fund account until he pays restitution for destroying prison property. Campbell, 787 F.2d at 224. Similar concerns do not apply to third parties seeking to enforce fee awards against inmates.[4]
 
 
 17
 Undoubtedly, Mr. Reed's confusion regarding this court's order denying Judge Morton the opportunity to file a late statement of fees incurred on appeal set the district court off on the wrong path. We therefore remand this case to allow the district court to apply the traditional factors concerning the propriety of preliminary and permanent injunctive relief. By remanding for further proceedings, we in no way intend to suggest the outcome of the district court's exercise of discretion.
 
 
 18
 The district court's interlocutory order denying preliminary and permanent injunctive relief is REVERSED and this case is REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 After a preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Reed certainly did not intend to seek injunctive relief against the prison building. On remand, he should be given the opportunity to amend his complaint to specify the persons he seeks to have enjoined, and he should list them in the caption of his complaint. Fed.R.Civ.P. 10
 
 
 [2]
 The Indiana Attorney General's brief noted that the Fulton County Commissioners had not yet taken any action to enforce their fee award
 
 
 [3]
 While Mr. Reed has alleged that the defendants have no legal right to make withdrawals from his inmate trust fund, he also asserts that the Attorney General's collection action on behalf of Judge Morton was initiated in retaliation for a civil lawsuit that Mr. Reed brought against prison authorities
 
 
 [4]
 Federal Rule of Procedure 69(a) sets forth the procedure for enforcing the district court's judgment, and provides in part:
 Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought....
 The district court that entered the judgment in favor of Judge Morton has ancillary jurisdiction to adjudicate a garnishment action by a judgment creditor against a nonparty to the action that may owe an obligation to the judgment debtor. See Hankins v. Finnel, 964 F.2d 853, 859 (8th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3266 (Sept. 18, 1992) (No. 92-508); Argento v. Village of Melrose Park, 838 F.2d 1483, 1488-89 (7th Cir.1988): Shevofilax v. Quigley, 810 F.2d 378, 385 n. 4 (3d Cir), cert. denied, 481 U.S. 1029 (1987).